SAMUEL STODDARD *versus* SAMUEL C. GAGE & *als.*

A. executed to B. a bill of sale with covenants of warranty, of three-eighths of a vessel, and C. and D. executed to him a like bill of sale of four-eighths of the same vessel; *Held*, that B. would have a remedy upon the covenants in his bills of sale, for the money paid by him to discharge an incumbrance upon the vessel, existing at the time of the sale.

But no action as upon a joint promise against the three can be maintained.

The promise of one, without the authority of the others, that if B. paid off the incumbrance, "they would settle the balance with him," imposed no new obligation upon the other two, nor authorized an action against the three as joint promisors.

After the discharge of the incumbrances by B., the mere submission of his claim by all the parties to referees without any award thereon, would not change the nature of his claim, or the liability of the other parties.

A recommendation to pay a certain amount is not an award.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

The facts in this case are stated in the opinion of the Court.

*North & Fales*, for plaintiff, contended: —

1. The question of joint promise was for the jury, and the

nonsuit was improperly ordered. *Wilkinson* v. *Scott*, 17 Mass. 249.

2. There was a joint promise expressed or implied. The proof under the money count is, that the money was paid by the plaintiff to liquidate a joint debt of defendants. It was a debt created by their joint bond, secured by a joint mortgage of their joint property; and slight proof would authorize a jury to find that it was paid at the request of all the defendants, if the law requires a special request to make them jointly liable.

3. Subsequent to the payment by plaintiff, the payments were ratified and confirmed by the submission to Paine and Morrill. The defendants submit the matter of payments by the plaintiff to the referees, and they, upon investigation, recommend the payment by the defendants to the plaintiff, of the sum of $1878,22, and subsequently the defendants do pay on the award the sum of $500, and this action is for the balance.

4. The nonsuit deprived the plaintiff of his right, under § 11, c. 115, R. S., of amending his writ by striking out one or more of the defendants at any time before the cause was committed to the jury. After the exhibition of his testimony to the jury in its completeness, and knowing precisely what it was, he then could have availed himself of his right to amend by striking out one or more of the defendants, upon payment of costs. This is a right conferred by statute, of which the Court could not deprive him.

This has been permitted in Massachusetts in relation to plaintiffs, when, upon exhibition of proof, there is a failure to show that all have a right to sue; one becomes nonsuit, and the cause proceeds in the names of the others. *Means* v. *Wells*, 12 Met. 355. The reason is much stronger for striking out the defendant; and as there is unquestioned evidence to bind a part of the defendants, the nonsuit should be taken off and the plaintiff be permitted to present his case to the jury, with such names as defendants as he may desire.

*Bradbury, Morrill & Meserve,* for Gage.

Gage, one of the defendants, conveyed to plaintiff three-eighths of the brig Abby Jones, Oct. 9, 1851, and Jones and Small, on the same day, by a separate bill of sale, four-eighths.

Gage conveyed for a specified consideration his three-eighths. To avoid the implication of a joint undertaking he did it by a separate bill of sale. If his title failed he was liable to respond in damages no more than the amount of the damages sustained on the three-eighths which he sold.

As to the liability to Nickerson, it is true, that Gage joined with the other owners in mortgaging his share of the brig; but the case does not show that the plaintiff was to step in and take Nickerson's place.

The plaintiff discharged this mortgage in order to perfect his title to the vessel. And having done so, he held and had the right to enforce the covenants of each vender to make good the share held by each.

His contract was several with the defendants, and his remedy against each separately.

As to the conversation and promises of Gage, they should be construed as referring to his liability to pay according to their liability to him.

Neither he nor the plaintiff understood that they were making any new contract.

The case shows no award, and no decision by Paine and Morrill.

MAY, J.—In this case, the presiding Judge being of opinion that the plaintiff's evidence failed to prove a *joint* promise by the defendants, as alleged in the writ, ordered a nonsuit; and the question now presented is, whether the exception taken to that ruling and order is sustained. It appears from the evidence reported, that on the 9th of October, 1851, the defendant Gage, in consideration of $3000, paid by the plaintiff, conveyed to him by bill of sale, with covenants of warranty, three-eighths of the brig Abby Jones, and on the same day the other defendants, in consideration of $4000, by a like bill

of sale executed by them jointly, conveyed to the plaintiff four-eighths of the same brig. On the 5th of July preceding, all the defendants had jointly mortgaged the same seven-eighths of the brig to one Nickerson to secure their joint bond of that date, conditioned that, if they should pay to said Nickerson $4000, in six months and all bills due to him, the same should be void, and providing that in default of payment the mortgagee might take possession of the mortgaged property and sell the same at public auction. At the time of the sale to the plaintiff he was notified of the existence of the mortgage, and it was then supposed that the debt secured by it would not exceed $4000, and as security against that it was arranged, that three of the notes given by the plaintiff in payment for the brig should be left with Lot M. Morrill, Esq., and the money when paid was to be forwarded to said Nickerson to satisfy his claim. Nickerson's debt, secured by the mortgage, turned out to be over $6000, and, after this became known, the plaintiff and the defendant Gage got the time of payment extended, each paying a part of the bonus money required for the extension.

In the spring of 1853, Nickerson having advertised the seven-eighths of the brig for sale under the provision in his mortgage, the plaintiff paid the amount then due on the mortgage which his notes had failed to pay, being more than $2000.

If the case stopped here, it is perfectly clear that the plaintiff's remedy would be upon the covenants in his bills of sale, and he might have an action upon either or both of them for the money paid to discharge the incumbrances upon the brig which existed at the time of the sale to him. No action as upon a joint promise against the three defendants could be sustained.

Does then the other evidence in the case place the plaintiff in any different posture as to his right or remedy? We think not. The fact that the defendant Gage told the plaintiff, before he paid off the mortgage, to pay it, and "we will settle the balance with you," could impose no new obligation upon

the other two defendants, certainly, if Gage was not authorized by them to make any such promise, of which there is no evidence. It would not authorize a joint action against the three defendants.

Nor could the fact, that after the payment the plaintiff and these three defendants submitted the plaintiff's claim to referees, change the nature of the plaintiff's claim, or of the defendants' liability without an award. The case shows that no award was made by the referees. They simply recommended to the defendants to pay to the plaintiff the sum of $1873,22, as of the 7th day of May, 1853, and a few days after the defendants did pay a part of said sum, the balance still remaining unpaid. What they did pay, so far as the case discloses, seems to have been paid in consequence of the recommendation of the referees, which was addressed to their discretion, and such a payment cannot properly be regarded as changing the legal rights of the parties. In view of the whole evidence, we think the plaintiff's remedy is upon the covenants in his bills of sale, which will afford him ample relief, and that there is a misjoinder of the defendants in this suit.

*The exceptions are overruled*
*and the nonsuit is to stand.*

TENNEY, C. J., and APPLETON and CUTTING, J. J., concurred.